FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 2 9 2016

JAMES N. HATTEN, Clerk
By: 〰 Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Michael N Lutman on behalf of himself | : |
| | : |
| Plaintiff, | : **1:16-CV-1407** |
| | : |
| v. | : CASE NO.: |
| | : |
| Ocwen Loan Servicing, LLC | : JURY TRIAL DEMANDED |
| Duetsche Bank Trust Company | : |
| Americas f/k/a Bankers Trust Company, | : |
| Weissman Nowack Curry & Wilco, PC | : |
| | : |
| Defendants. | : |

## PLAINTIFFS COMPLAINT FOR VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT

**COMES NOW**, the Plaintiff Michael N Lutman complaining of the

defendant(s) and each of them as follows:

## INTRODUCTION

1.

This is an action for damages brought for damages for violations of the Fair

Debt Collection Practices Act (FDCPA) 15 USC § 1692 et seq.; and for declaratory

and injunctive relief.

## THE PARTIES

### 2.

Plaintiff "Michael N Lutman" is now and at all times relevant to this action an American National. Plaintiff is a "Consumer" as that term is defined within 15 USC § 1692(a)(3).

### 3.

Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen") is a foreign limited liability corporation formed under under the laws of the state of Delaware, authorized to do business in Georgia.

### 4.

Defendant ("Ocwen") is a "Debt Collector" as that term is defined by 15 USC § 1692(a)(6).

### 5.

Defendant Ocwen may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service, Corporation Service Company located at 40 Technology Parkway, South, Suite 300, Norcross, Georgia, 30092.

### 6.

Defendant, DEUTSCHE BANK TRUST COMPANY AMERICAS f/k/a BANKERS TRUST COMPANY ("Deutsche Bank") is a foreign company not authorized to do business in Georgia.

7.

Defendant ("Deutsche Bank") is a "Debt Collector" as that term is defined by 15 USC § 1692(a)(6).

8.

Defendant WEISSMAN NOWACK CURRY & WILCO ("Weissman") is a Georgia law firm.

9.

Defendant, ("Weissman") is a "Debt Collector" as that term is defined in USC 15 § 1692(a)(6).

## JURISDICTION AND VENUE

10.

The US District Court Northern District of Georgia has jurisdiction pursuant to 15 USC § 1692 *et, al.* and 15 USC § 1681p *et. al.* and the court has jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this

action took place in the State of Georgia.  Therefore venue is proper in the US District

Court Northern District of Georgia.

## **FACTUAL ALLEGATIONS**

11.

On or about February 5, 2016, Plaintiff received a letter from Ocwen through

their attorneys, Weissman, that stated *inter alia* it was hired to collect the debt in an

amount of $242,529.99 which is owed to Deutsche Bank Trust Company Americas,

f/k/a Bankers Trust Company, as Trustee for Saxon Asset Securities Trust 2001-2,

Mortgage Loan Asset Backed Certificates, Series 2001-2.  A true and correct copy of

the Letter is attached hereto as Exhibit "A".

11.

The letter of February 5, 2016 makes reference to an "Initial Communications

Letter" dated March 5, 2013, this letter was not included.

12.

Plaintiff does not have the "Initial Communications Letter" in his possession,

nor does he recall receiving it.

13.

The letter of February 5, 2016 advised the Plaintiff that ["Be advised that unless you dispute the validity of the debt or any portion thereof within thirty days after receipt of this notice, we will assume that the debt is valid."]

14.

On or about February 9, 2016, Plaintiff received a Notice of Foreclosure Sale letter from Ocwen through their attorneys Weissman. A true and correct copy of the letter is attached hereto as Exhibit "B".

15.

The Notice of Foreclosure Sale letter indicates a sale date of March 1, 2016.

16.

On or about February 9, 2016, Plaintiff checked the county legal newspaper and found a Notice of Sale Under Power for Plaintiff's property. A true and correct copy of the advertisement is attached hereto as Exhibit "C".

17.

Examination of the Notice of Sale Under Power advertisement shows a start date of 5 February 2016 and ending date of 5 March 2016.

18.

On February 10, 2016, Plaintiff performed a search of Cherokee County Georgia public records and found an Assignment of Deed to Secure Debt from Deutsche Bank National Trust Company f/k/a Bankers Trust Company As Custodian to Deutsche Bank Trust Company Americas, As Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2. A true and correct copy of the Assignment is attached hereto as Exhibit "D".

19.

An examination of the Assignment shows that it is dated April 7, 2014 and was recorded into the public record in Cherokee County, Georgia on April 21, 2014.

20.

On February 10, 2016 Plaintiff mailed a Qualified Written Request (QWR) to Defendants Ocwen, Deutsche Bank, and Weissman via USPS Certified Mail, Return Receipt. A true and correct copy of the QWR is attached hereto as Exhibit "E".

21.

The QWR was received by defendant Ocwen on 12 February 2016. A true and correct copy of the USPS Return Receipt is attached hereto as Exhibit "F".

22.

The QWR was received by defendant Weissman on 16 February 2016. A true and correct copy of the USPS Return Receipt is attached hereto as Exhibit "G".

23.

No USPS Return Receipt was received from defendant Deutsche Bank.

24.

Plaintiff admits he is in default, as that term is defined in the note, on his residential mortgage loan, however, denies he owes a debt to Deutsche Bank as may be alluded to in the Letter (Exhibit A).

25.

Plaintiff mailed a second QWR to Ocwen on 23 February 2016. A true and correct copy of the QWR is attached hereto as Exhibit "H".

26.

On February 24, 2016, plaintiff called Ocwen by telephone and spoke with Ocwen employee "Angela, ID No. PH0273" who confirmed that Ocwen has received both the QWR sent on February 10, 2016 and the QWR sent on February 23, 2016.

27.

Ocwen employee "Angela ID No. PH0273" confirmed that Plaintiff's property was still scheduled for foreclosure on March 1, 2016.

28.

On or about April 5, 2016, Plaintiff received a Notice of Foreclosure Sale letter from Ocwen through their attorneys Weissman. A true and correct copy of the letter is attached hereto as Exhibit "I".

29.

Defendant Ocwen failed to cease collection efforts until debt is validated as required by 15 USC § 1692 g(B).

**COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**
**BY DEFENDANTS OCWEN, DEUTSCHE BANK & WEISSMAN**

30.

Plaintiff repeats and realleges paragraphs 1 through 29 as though set forth herein in full.

31.

15 USC § 1692g(a)(validation of debts) requires a debt collector within 5 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the

initial communication or the consumer has paid the debt, send the consumer a written notice containing -

    (1)       the amount of the debt;

    (2)       the name of the creditor to whom the debt is owed;

    (3)       a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)       a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)       a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32.

Defendant's violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

33.

Defendant's violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

34.

Defendant's violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35.

Defendant's violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36.

Defendant's violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

## **DEMAND FOR JURY TRIAL**

37.

Plaintiff requests a trial by jury on all claims so triable.

**WHEREFORE**, Plaintiff requests that the court enter judgment in favor of Plaintiff and against Defendants for :

    a. actual damages for the Plaintiff;

    b. statutory damages for the Plaintiff;

    c. attorney's fees, litigation expenses and costs of suit; and

    d. such other or further relief as the Court deems proper.

    Respectfully submitted this 27th of April, 2016.

                        _____
                        Michael N. Lutman, on behalf of himself
                        8450 Truman Street
                        Englewood, FL 34224
                        770-557-5627
                        leatherneck3112@gmail.com

## CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman font in compliance with United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: 27 April 2016

                        _____
                        Michael N. Lutman, on behalf of himself
                        8450 Truman Street
                        Englewood, FL 34224
                        770-557-5627
                        leatherneck3112@gmail.com

EX HiBiT   A



**Weissman Nowack**
**Curry & Wilco**
ATTORNEYS AT LAW

Weissman, Nowack, Curry, & Wilco P.C.
Attorneys At Law
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA 30326
Telephone: 404-926-4500
Facsimile: 404-926-4600
www.wncwlaw.com

January 29, 2016

Michael N. Lutman
132 Springwater Trace
Woodstock, GA 30188

| | |
|---|---|
| **Our File #:** | 017237-006660 |
| **Loan #:** | 7110258477 |
| **Property Address:** | 132 Springwater Trace |
| | Woodstock, GA 30188 |

Dear Borrower:

## PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The above-referenced loan has been referred to this law firm for handling. As of January 29, 2016, the amount of debt was $242,529.99. Because additional interest, late charges and other charges may accrue the amount to reinstate or pay off your loan changes daily. Please call your Lender for complete reinstatement or payoff figures.

The debt is owed to Deutsche Bank Trust Company Americas, f/k/a Bankers Trust Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2, who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed.

Be advised that unless you dispute the validity of the debt or any portion thereof within thirty days after receipt of this notice, we will assume that the debt is valid. If you notify us in writing at the above address within the thirty-day period that the debt or any portion thereof is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Also, upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

In the event you have received a discharge in a Chapter 7 bankruptcy case, that discharge may have extinguished any personal liability you may have had for this loan. However, notice provisions may be contained within your note and security instrument that require notice prior to foreclosure, or such notice may be required under applicable law. In such event, any action taken would be limited to the foreclosure on the above-referenced property and is not intended to be and does not constitute an attempt to collect the debt against you personally. If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by your lender, please immediately email such bankruptcy information (or have your attorney email such information, if you are represented by counsel), include the date and jurisdiction of your bankruptcy filing, your case number, and the bankruptcy chapter number under which you have filed, to

File No: 017237-006660



EX HIBIT B Page 1



WeissmanNowack
Curry&Wilco

ATTORNEYS AT LAW

Weissman, Nowack, Curry, & Wilco P.C.
Attorneys At Law
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA 30326
Telephone: 404-926-4500
Facsimile: 404-926-4600
www.wncwlaw.com

January 29, 2016

Michael N. Lutman
132 Springwater Trace
Woodstock, GA 30188

**RE:**   NOTICE OF FORECLOSURE SALE - Note and Security Deed
**Secured Creditor:** Deutsche Bank Trust Company Americas, f/k/a Bankers Trust
Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset
Backed Certificates, Series 2001-2
Borrower(s): MICHAEL N. LUTMAN

| | |
|---|---|
| Servicing Lender's #: | 7110258477 |
| Our File #: | 017237-006660 |
| Original Borrower: | Michael N. Lutman |
| Current Borrower and/or Owner: | MICHAEL N. LUTMAN, CYNTHIA M. LUTMAN. |
| Property: | 132 Springwater Trace, Woodstock, GA 30188 |

**PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF THE DEBT IS IN ACTIVE BANKRUPTCY OR HAS BEEN DISCHARGED THROUGH BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED AS AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT THE DEBT.**

Dear Borrower:

By letter dated March 05, 2013 (the "Initial Communication Letter") you were notified that the above-referenced loan may be referred to a law firm for handling. That letter also advised you of certain rights (the "Borrower's Rights"- - which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrower's Rights as explained in the Initial Communication Letter.

The entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges are now due and payable. Demand is hereby made for immediate payment of the total principal and interest. Additionally, the terms of your note call for the addition of attorneys' fees to the debt in case of collection by or through an attorney. Georgia law (O.C.G.A. Section 13-1-11) requires that you be allowed ten (10) days from your receipt of this letter to pay the entire amount owed without



File No: 017237-006660

having to pay attorneys' fees. After that time the full attorneys' fees allowed by Georgia law may be added to the debt.

Enclosed is a copy of the Notice of Sale submitted for publication in the legal newspaper. Note that the sale is scheduled for the first Tuesday in March, 2016, and will be held within the legal hours of sale at the Cherokee County Courthouse.

Please be advised that if the default is not cured and the property is sold at foreclosure to an outside investor (other than your lender), there may be excess proceeds from the sale for distribution to lien holders and/or the owner of record. Neither lien holders nor owners have to sign any contracts or pay any fees to outside agencies to recover these funds. If an outside investor contacts you after foreclosure advising they have purchased your property at sale, please call our Excess Proceeds department between 45 and 60 days after the foreclosure sale to determine if any such funds exist.

For further information regarding this foreclosure, you may call your Lender. The lender may be able to allow you to reinstate the loan and stop the foreclosure. You may call our office to find out if reinstatement is allowed; and if allowed, to find out the amount of money which you must pay in order to cure the default. If you reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check.

In the event you have received a discharge in a Chapter 7 bankruptcy case, that discharge may have extinguished any personal liability you may have had for this loan. However, notice provisions may be contained within your note and security instrument that require notice prior to foreclosure, or such notice may be required under applicable law. In such event, any action taken would be limited to the foreclosure on the above-referenced property and is not intended to be and does not constitute an attempt to collect the debt against you personally. If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by the Secured Creditor or the entity listed below, please immediately email such bankruptcy information (or have your attorney email such information, if you are represented by counsel), include the date and jurisdiction of your bankruptcy filing, your case number, and the bankruptcy chapter number under which you have filed, to bkattorney@wncwlaw.com or contact us at the number listed above.

The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is:

Ocwen Loan Servicing, LLC
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409
561-682-8000

This notice is being sent by this law firm for Ocwen Loan Servicing, LLC, the entity with authority on behalf of the Secured Creditor named above.

Please understand that the Secured Creditor and/or Ocwen Loan Servicing, LLC are not *required* by law to negotiate, amend, or modify the terms of the mortgage instrument.

Please note that this letter is being sent to you in order to comply with Georgia statutory foreclosure law requirements. Nothing in this letter should be considered as preventing you from exercising the Borrower's Rights as explained in the Initial Communications Letter dated March 05, 2013.

File No: 017237-006660

EXHIBIT "C"

**Ads Tools**

Bookmark this ad

Print This Ad
(https://marietta.onlineads.ad
/showads/ad/print/ad_id
/11092403?keepThis=true&
TB_iframe=true&
height=500&width=650)

Mail This Ad
(https://marietta.onlineads.ad
/showads/ad/mail/ad_id
/11092403?keepThis=true&
TB_iframe=true&
height=500&width=650)

Share
(http://www.addthis.com
/bookmark.php?v=250&
username=xa-
4bbecff952e8e10e) |

Home (/showads)

Automotive (1)
(https://marietta.onlinea
ds.advpubtech.com
/showads/section
/Automotive-10469)

Business and Financial
(0)
(https://marietta.onlinea
ds.advpubtech.com
/showads/section
/Business+and+Financial
-10470)

Commercial Real Estate
(1)
(https://marietta.onlinea
ds.advpubtech.com
/showads/section
/Commercial+Real+Estat
e-10472)

Employment (34)
(https://marietta.onlinea
ds.advpubtech.com
/showads/section
/Employment-10473)

Home Services (10)
(https://marietta.onlinea
ds.advpubtech.com
/showads/section
/Home+Services-10474)

Cobb Legal Notices (536)
(https://marietta.onlinea
ds.advpubtech.com
/showads/section/Legal-
10475/?pub=Marietta+D
aily+Journal)

Adoption (0)
(https://marietta.onlin
eads.advpubtech.com
/showads/section
/category/menu_id
/3691/?pub=Marietta+
Daily+Journal)

Annual Reports (0)
(https://marietta.onlin
eads.advpubtech.com
/showads/section
/category/menu_id
/3692/?pub=Marietta+
Daily+Journal)

Bids (17)
(https://marietta.onlin

Home (https://marietta.onlineads.advpubtech.com/showads) » Legal
(https://marietta.onlineads.advpubtech.com/showads/section/Legal-10475) » Foreclosures
(https://marietta.onlineads.advpubtech.com/showads/section/10475/Foreclosures-19613)

# F-1334 LUTMAN, MICHAEL N. NOTICE OF SALE UNDER POWER (https://marietta.onlineads.advpubtech.com/showads/ad/view/ad_id/11092403/title/F-1334+LUTMAN%2C+MICHAEL+N.+NOTICE)

| | |
|---|---|
| Order no: | 13898231 |
| Publication: | Cherokee Tribune |
| Date: | 02/05/2016 |
| Expires: | 03/05/2016 |

## Legal : Foreclosures

F-1334
LUTMAN, MICHAEL N.
NOTICE OF SALE UNDER POWER
GEORGIA, CHEROKEE COUNTY
THIS IS AN ATTEMPT TO
COLLECT A DEBT. ANY
INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.
Under and by virtue of the Power of Sale contained in a Security Deed given by Michael N. Lutman to AMERICA`S MONEYLINE INC., dated 07/12/2001, recorded in Deed Book 4741, Page 61, Cherokee County, Georgia records, as last transferred to Deutsche Bank Trust Company Americas, f/k/a Bankers Trust Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2 by assignment recorded or to be recorded in the Cherokee County, Georgia records conveying the after-described property to secure a Note in the original principal amount of One Hundred Forty-Eight Thousand Seven Hundred Fifty and 00/100 DOLLARS ($148,750.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Cherokee County, Georgia, within the legal hours of sale on the first Tuesday in March 2016, the following described property: ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 630, 15TH DISTRICT, 2ND SECTION, CHEROKEE COUNTY, GEORGIA, BEING LOT 218, SPRINGFIELD PLACE, UNIT 1, AS PER PLAT RECORDED IN PLAT BOOK 39, PAGE 106, CHEROKEE COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE, BEING IMPROVED PROPERTY KNOWN AS **132 SPRING WATER TRACE, WOODSTOCK, GA 30188.**
The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).
Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.
The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409, 561-682-8000. Please understand that the secured creditor is not required by law to negotiate, amend, or modify the terms of the mortgage instrument.
To the best knowledge and belief of the undersigned, the parties in possession of the property are Michael N. Lutman, Cynthia M. Lutman or a tenant or tenants and said property is more commonly known as **132 Springwater Trace, Woodstock, GA 30188** .
The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.
Deutsche Bank
Trust Company Americas,
f/k/a Bankers Trust Company,
as Trustee for
Saxon Asset Securities Trust
2001-2, Mortgage Loan Asset
Backed Certificates, Series 2001-2
As Attorney in Fact for
Michael N. Lutman
Weissman, Nowack,
Curry, & Wilco P.C.
Attn: Lender Services
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA 30326
Our File# 017237-006660
2:5,12,19,26

APN #: 15N15B059

**Recordation Requested by:**
When Recorded Mail To
Ocwen Loan Servicing, LLC
5720 Premier Park Dr.
West Palm Beach, FL 33407
  Aldridge Connors, LLP
  Fifteen Piedmont Center
  3575 Piedmont Road NE, Suite 500
  Atlanta, GA 30305
   1017-654015A

Deed Book **12823** Pg 229
Filed and Recorded 4/21/2014 12:53:43 PM
28-2014-010164

Patty Baker
Clerk of Superior Court Cherokee Cty, GA

### ASSIGNMENT OF DEED TO SECURE DEBT
### GEORGIA

This **ASSIGNMENT OF DEED TO SECURE DEBT** from **DEUTSCHE BANK NATIONAL TRUST COMPANY F/K/A BANKERS TRUST COMPANY AS CUSTODIAN**, whose address is 1761 EAST ST. ANDREW PLACE, SANTA ANA, CA 92705 ("Assignor") to **DEUTSCHE BANK TRUST COMPANY AMERICAS, F/K/A BANKERS TRUST COMPANY, AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST 2001-2, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2001-2** whose address is c/o Ocwen Loan Servicing, LLC 5720 Premier Park Dr. West Palm Beach, FL 33407 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assign, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the rights, title and interest of said Assignor in and to the following instruments describing land therein, duly recorded in the Office of the County Recorder of **CHEROKEE** County, State of **GEORGIA**, as follows.

Grantor: MICHAEL N. LUTMAN
Grantee: AMERICA'S MONEYLINE INC.
Document Date: JULY 12, 2001
Amount: $ 148,750.00
Date Recorded: SEPTEMBER 10, 2001
Book/Volume/Docket/Liber: 4741
Page/Folio: 061
Instrument: 31886
Property Address: 132 SPRINGWATER TRACE, WOODSTOCK, GA 30188
This Assignment is made without recourse

DATED   April 7   2014

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**F/K/A BANKERS TRUST COMPANY AS CUSTODIAN**

BY
NAME   Ronaldo Reyes
TITLE   Vice President

STATE OF _____ )
                              )SS
COUNTY OF _____ )

**ATTESTED BY:**

NAME: Jennifer Van Dyne
TITLE: Assistant Vice President

Witness.

(1) _____ Jason Williams

(2) _____ Jerome Johnson

The foregoing instrument was acknowledged before me on this _____ day of _____, 2014 by _____ the _____ DEUTSCHE BANK NATIONAL TRUST COMPANY F/K/A BANKERS TRUST COMPANY AS CUSTODIAN, on behalf of the company. He/She is personally known to me

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of ___Orange___

On __4/7/14__ before me, __Imelda Flores, a Notary Public__
<span style="font-size:small">Here insert name and title of the officer</span>

personally appeared __Ronaldo Reyes and Jennifer VanDyne__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary Public

Notary Seal

---

## ADDITIONAL OPTIONAL INFORMATION

### INSTRUCTIONS FOR COMPLETING THIS FORM

DESCRIPTION OF THE ATTACHED DOCUMENT

__Assignment of__
(Title or description of attached document)

__Deed__
(Title or description of attached document continued)

Number of Pages __132__ Document Date __Springwater__

(Additional information)

CAPACITY CLAIMED BY THE SIGNER
- [X] Individual (s)
- [X] Corporate Officer
   ___Vice President___
   (Title)
- [ ] Partner(s)
- [ ] Attorney-in-Fact
- [ ] Trustee(s)
- [ ] Other _____

2015 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

EX HIBIT E

Michael N Lutman
8450 Truman Street
Englewood, FL 34224

VIA Certified Mail # 7611 3500 0003 2928 6827

Ocwen Loan Servicing, LLC
P.O. Box 24646
West Palm Beach, FL. 33416-4646

Attn: Mortgage loan accounting department

RE Loan# 7110258477

Dear Sir or Madam,

 Ocwen Loan Servicing, LLC is the servicer of our mortgage loan at the above address. We dispute the amount that is owned according the Monthly Billing Statement and request that you send us information about the fees, costs, and escrow accounting on our loan. This is a Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)).

Specifically, we are requesting the itemization of the following:

1.  a complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2.  a breakdown of the amount of claimed arrears of delinquencies;

3.  an explanation of what you mean by assignment, sale, or transfer. Which one is it? Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

4.  the payment dates, purpose of payment and recipient of all escrow items charged to our account since the loans inception.

5.  a breakdown of the current escrow charges showing how it is to calculated and reasons for any increase within the last 24 months; and

6.  a copy of any annual escrow statements and notices of shortage, deficiency or surplus, sent us within the life of the current loan.

In Order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. Please serve all communications and process directly to the mailing address provided below.

**I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work. Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.**

Thank you for taking time to acknowledge and answer the requests required by Real Estate Settlement and Procedures Act section (2605(e)).

Very truly yours,

Michael N Lutman

EXHIBIT F

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X _____ ☒ Agent ☐ Addressee |
| | B. Received by ( *Printed Name* ) C. Date of Delivery |
| 1. Article Addressed to: OCWEN LOAN SERVICING LLC PO BOX 24646 WEST PALM BEACH, FL 33416-4646 | D. Is delivery address different from item 1? ☐ Yes   If YES, enter delivery address below:  ☐ No |
| | 3. Service Type ☒ Certified Mail  ☐ Express Mail ☐ Registered  ☐ Return Receipt for Merchandise ☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number (*Transfer from service label*) | 7011 3500 0003 2928 6827 |
| PS Form 3811, February 2004 | Domestic Return Receipt   102595-02-M-1540 |



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

WEST PALM BEACH FL 33416

| | |
|---|---|
| Postage | $ $3.45 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | N/A |
| Total Postage & Fees | $ $0.49 |

Postmark Here
02/10/2016
34295-9998

Sent To
OCWEN LOAN SERVICING LLC
Street, Apt. No.; or PO Box No. PO BOX 24646
City, State, ZIP+4 WEST PALM BEACH, FL. 33416-4646

PS Form 3800, August 2006   See Reverse for Instructions

7011 3500 0003 2928 6827

EXHIBIT "G"

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X J. Sistrunk   ☐ Agent   ☐ Addressee <br> B. Received by (Printed Name) J SISTRUNK   C. Date of Delivery 2/16/16 |
| 1. Article Addressed to: <br><br> Weissman, Nowack, Curry + <br> Wilco <br> 1 Alliance Center   4" Fl. <br> 3500 Lenox RD <br> Atlanta, GA 30326 | D. Is delivery address different from item 1? ☐ Yes   If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7011 3500 0003 2928 6759 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

ATLANTA, GA 30326

| | | |
|---|---|---|
| Postage | $ | $3.45 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | N/A |
| Total Postage & Fees | $ | $0.49   02/10/2016 |
| | | $6.74 |

ENGLEWOOD FL
07 Postmark Here
FEB 10 2016

Sent To Weissman Nowock Curry + Wilco
Street, Apt. No.; or PO Box No. ALLIANCE CTR 4TH FL
City, State, ZIP+4 3500 LENOX RD Atlanta GA 30326

PS Form 3800, August 2006   See Reverse for Instructions

7011 3500 0003 2928 6759

22 February 2016

Michael N and Deborah C. Lutman

132 Springwater Trace
Woodstock, GA. 30188

Ocwen Loan Servicing, LLC
P.O. Box 24646
West Palm Beach, FL 33416-4646

## *QUALIFIED WRITTEN REQUEST*

This is to notify you hereby put on NOTICE under the authority of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e), Regulation X at 24 C.F.R. § 3500, the Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq., and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c to Cease and Desist collection/foreclosure actions and validate the alleged mortgage debt.

We are requesting copies of all Documents since communication of the loan to further insure a Validation of Debt, and a Request for accounting.

We have several concerns here. An unknown party named Deutsche Bank Trust Company Americas, f/k/a Bankers Trust Company as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Backed Certificates, Series 2001-2 has already tried to foreclose on our property with no success. This Plaintiff was and still remains unknown to us. We have never contracted with Deutsche Bank Trust Company Americas, we have never nor does our contract stipulate that our note could be securitized and traded on the open market for profit without our knowledge and if sold, we were to receive written notice to whom it was sold.

It appears that the original lender, America's Moneyline, Inc. has attempted to has attempted to assign the Mortgage to Deutsche Bank Trust Company Americas and failed to notice us while also selling the not to an unknown without noticing us of the sale which in itself is a violation of the mortgage. With the assignment of the Mortgage there has been a separation of the Mortgage and Note that leaves the Note holder with an unsecured debt.

According to the Mortgage, specifically the Sale of Note; Change of Loan Servicer section, it specifically states; *The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice.*

We have never received notice from anyone regarding the sale of the note and demand that you provide said notices.

Now Ocwen Loan Services, LLC, another stranger to us, sends us letters threatening foreclosure action. Without proof that Ocwen has any authority to enforce the Mortgage, collect payments, or even mail anything to us, let alone make threats, you have put yourselves in a precarious position to say the least. We have no reason to deal with Ocwen at all and we have never once received notice from the Lender telling us that Ocwen has such authority.

Change of Loan Service specifically states; *If there is a change in the Loan Servicer, Borrower will be given written notice of the changes.*

We demand to see the notices from the Lender as required by law and not from Ocwen. The issue at hand is very simple, the Mortgage requires the Lender to send us notice that they have sold or assigned the servicing rights otherwise we have no way of knowing that Ocwen has the right to collect or enforce payment on behalf of the owner of the note.

We have no obligation to pay Ocwen and have never officially been informed by the note owner, who ever that may be, or the original lender that you have the right to collect on their behalf. If Ocwen fails to produce proof of the required notices as stipulated within the Mortgage, then we will have no choice but to pursue any and all legal remedies available to us.

We hope you understand that we are not refusing to pay any obligations we might have with the Note owner, but with all of the mortgage and foreclosure fraud lately we need validation that the contractual obligations were met by both sides.

With the receipt of this notice and demand, we are asking that you execute and deliver a retraction of any Notice of Default, and that you freeze any foreclosure or any credit reported to corresponding credit agencies until this matter is resolved.

Please do not contact us by telephone. In Order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. Please serve all communications and process directly to the mailing address provided below.

Michael N Lutman
8450 Truman Street
Englewood, FL 34224

Thank you in advance for your prompt collaboration.

Sincerely,

_____

Michael N Lutman



ATTORNEYS AT LAW
Weissman, Nowack, Curry, & Wilco P.C.
Attorneys At Law
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA 30326
Telephone: 404-926-4500
Facsimile: 404-926-4600
www.wncwlaw.com

March 26, 2016

Michael N. Lutman
132 Springwater Trace
Woodstock, GA 30188

**RE:** NOTICE OF FORECLOSURE SALE - Note and Security Deed
**Secured Creditor:** Deutsche Bank Trust Company Americas, f/k/a Bankers Trust
Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset
Backed Certificates, Series 2001-2
Borrower(s): MICHAEL N. LUTMAN

| Servicing Lender`s #: | 7110258477 |
|---|---|
| Our File #: | 017237-006660 |
| Original Borrower: | Michael N. Lutman |
| Current Borrower and/or Owner: | MICHAEL N. LUTMAN, CYNTHIA M. LUTMAN, |
| Property: | 132 Springwater Trace, Woodstock, GA 30188 |

**PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF THE DEBT IS IN ACTIVE BANKRUPTCY OR HAS BEEN DISCHARGED THROUGH BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED AS AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT THE DEBT.**

Dear Borrower:

By letter dated March 05, 2013 (the "Initial Communication Letter") you were notified that the above-referenced loan may be referred to a law firm for handling. That letter also advised you of certain rights (the "Borrower's Rights"- - which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrower`s Rights as explained in the Initial Communication Letter.

The entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges are now due and payable. Demand is hereby made for immediate payment of the total principal and interest. Additionally, the terms of your note call for the addition of attorneys` fees to the debt in case of collection by or through an attorney. Georgia law (O.C.G.A. Section 13-1-11) requires that you be allowed ten (10) days from your receipt of this letter to pay the entire amount owed without

File No: 017237-006660

having to pay attorneys` fees. After that time the full attorneys` fees allowed by Georgia law may be added to the debt.

Enclosed is a copy of the Notice of Sale submitted for publication in the legal newspaper. Note that the sale is scheduled for the first Tuesday in May, 2016, and will be held within the legal hours of sale at the Cherokee County Courthouse.

Please be advised that if the default is not cured and the property is sold at foreclosure to an outside investor (other than your lender), there may be excess proceeds from the sale for distribution to lien holders and/or the owner of record. Neither lien holders nor owners have to sign any contracts or pay any fees to outside agencies to recover these funds. If an outside investor contacts you after foreclosure advising they have purchased your property at sale, please call our Excess Proceeds department between 45 and 60 days after the foreclosure sale to determine if any such funds exist.

For further information regarding this foreclosure, you may call your Lender. The lender may be able to allow you to reinstate the loan and stop the foreclosure. You may call our office to find out if reinstatement is allowed; and if allowed, to find out the amount of money which you must pay in order to cure the default. If you reinstate your loan, payment must be made through our office in the form of certified funds or cashier`s check.

In the event you have received a discharge in a Chapter 7 bankruptcy case, that discharge may have extinguished any personal liability you may have had for this loan. However, notice provisions may be contained within your note and security instrument that require notice prior to foreclosure, or such notice may be required under applicable law. In such event, any action taken would be limited to the foreclosure on the above-referenced property and is not intended to be and does not constitute an attempt to collect the debt against you personally. If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by the Secured Creditor or the entity listed below, please immediately email such bankruptcy information (or have your attorney email such information, if you are represented by counsel), include the date and jurisdiction of your bankruptcy filing, your case number, and the bankruptcy chapter number under which have filed, to bkattorney@wncwlaw.com or contact us at the number listed above.

The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is:

Ocwen Loan Servicing, LLC
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409
561-682-8000

This notice is being sent by this law firm for Ocwen Loan Servicing, LLC, the entity with authority on behalf of the Secured Creditor named above.

Please understand that the Secured Creditor and/or Ocwen Loan Servicing, LLC are not *required* by law to negotiate, amend, or modify the terms of the mortgage instrument.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## SERVICE MEMBERS' CIVIL RELIEF ACT NOTICE

Persons who are members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy have certain rights and privileges under the Service members Civil Relief Act, 50 U.S.C. Sec. 501. et seq.

If you own the property being foreclosed, and you are, or have been within the last nine months, a "person in the military service," as defined in 50 U.S.C. Sec. 511, the lender may be required to take additional steps before it is allowed to foreclose.

In particular, the provisions contained in 50 U.S.C. Sec. 532 are designed for the benefit of persons in the military service whose ability to comply with the terms of their mortgage obligation is materially affected by reason of their military service.

If you are, or have been within the last nine months, a "person in the military service," or if you believe that you are entitled to relief under the Service members Civil Relief Act, please contact this office immediately by mail or by phone as follows:

Toll Free Military Assistance #: 1-800-342-9647

Weissman, Nowack, Curry, & Wilco P.C.
Attn: Default Services
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA 30326

Telephone:     404-926-4500
Attention:     Default Services

File No: 017237-006660

EXHIBIT "I" Page 4

Please note that this letter is being sent to you in order to comply with Georgia statutory foreclosure law requirements. Nothing in this letter should be considered as preventing you from exercising the Borrower's Rights as explained in the Initial Communications Letter dated March 05, 2013.

Sincerely,

By: Matthew F. Totten
**Weissman, Nowack, Curry, & Wilco P.C.**

Enclosure

Original via certified mail - return receipt requested
Copy also sent by first class mail

 File No: 017237-006660

NOTICE OF SALE UNDER POWER

GEORGIA, CHEROKEE COUNTY

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Under and by virtue of the Power of Sale contained in a Security Deed given by Michael N. Lutman to AMERICA'S MONEYLINE INC., dated 07/12/2001, recorded in Deed Book 4741, Page 61, Cherokee County, Georgia records, as last transferred to Deutsche Bank Trust Company Americas, f/k/a Bankers Trust Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2 by assignment recorded or to be recorded in the Cherokee County, Georgia records conveying the after-described property to secure a Note in the original principal amount of One Hundred Forty-Eight Thousand Seven Hundred Fifty and 00/100 DOLLARS ($148,750.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Cherokee County, Georgia, within the legal hours of sale on the first Tuesday in May 2016, the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 630, 15TH DISTRICT, 2ND SECTION, CHEROKEE COUNTY, GEORGIA. BEING LOT 218, SPRINGFIELD PLACE, UNIT 1, AS PER PLAT RECORDED IN PLAT BOOK 39, PAGE 106, CHEROKEE COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE. BEING IMPROVED PROPERTY KNOWN AS 132 SPRINGWATER TRACE, WOODSTOCK, GA 30188.

The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409, 561-682-8000. Please understand that the secured creditor is not required by law to negotiate, amend, or modify the terms of the mortgage instrument.

To the best knowledge and belief of the undersigned, the parties in possession of the property are Michael N. Lutman, Cynthia M. Lutman or a tenant or tenants and said property is more commonly known as **132 Springwater Trace, Woodstock, GA 30188.**

File No: 017237-006660

