**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL N. LUTMAN, on behalf of himself, | |
| Plaintiff, | Civil Action File |
| v. | No. 1:16-CV-1407-ELR-LTW |
| OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK TRUST COMNPANY AMERICAS F/K/A BANKERS TRUST COMPANY, WEISSMAN NOWACK CURRY & WILCO, P.C., | |
| Defendants. | |

**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW BY DEFENDANT, WEISSMAN NOWACK CURRY & WILCO, P.C.**

COME NOW, Defendant, WEISSMAN NOWACK CURRY & WILCO, P.C. ("WNCW") by and through their undersigned attorneys, and hereby move to dismiss the Complaint by Plaintiff, MICHAEL N. LUTMAN, and in support thereof states as follows:

**BACKGROUND**

Plaintiff's Complaint purports to seek relief against WNCW, a law firm, for unspecified violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA"). The Complaint merely restates in conclusory

fashion various provisions of the FDCPA, but contains no factual allegations linking those provisions to WNCW – let alone any alleged wrongdoing by WNCW or others. Conclusively, Plaintiff "admits he is in default", but denies that he owes a debt to Defendant, DEUTSCHE BANK TRUST COMNPANY AMERICAS F/K/A BANKERS TRUST COMPANY ("Deutsche"). (Complaint, ¶ 24) This is despite Plaintiff's own research which he admits reveals an Assignment of the security instrument to Deutsche Bank. (Complaint, ¶ 18)

This Motion demonstrates that the Complaint is wholly without merit and should be dismissed with prejudice.

## ARGUMENT

## I.     STANDARD OF DISMISSAL

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true all facts set forth in the plaintiff's complaint. *Grossman v. NationsBank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); Fed. R. Civ. P. 12(b)(6). Additionally, the court must draw all reasonable inferences in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)). Under the Supreme Court's *Twombley* decision and its progeny, *Erickson v. Pardus*, 551 U.S. 89 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Rule 8 requirement is satisfied when the complaint contains,

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged….

*Iqbal*, 556 U.S. at 663 (internal punctuation and citations to *Twombley* omitted).

While *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys, *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002), "the Court need not accept as true conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006). **Nothing in the leniency accorded a *pro se* filing excuses a plaintiff from complying with the threshold requirements of the Federal Rules of Civil**

**Procedure**.  *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993) (Emphasis added).

Following *Iqbal's* two-step approach, it is clear the Complaint fails to state any cognizable claim against the Defendants under any theory of recovery. When a complaint does not satisfy all material elements of the claims asserted therein, it should be dismissed, and the dismissal should be with prejudice when amendment would be futile.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curium); *Valet Apartment Servs., Inc. v. Atlanta J. & Const.,* 865 F.Supp. 828, 834 (N.D. Ga. 1994) (denying leave to amend).  That is precisely the case here, and dismissal with prejudice is warranted.

## II.   WNCW IS NOT A "DEBT COLLECTOR" UNDER THE FDCPA, AND PLAINTIFF'S LONE CLAIM AGAINST WNCW FOR VIOLATION OF THE FDCPA MUST BE DISMISSED.

To state a claim for relief under the FDCPA, "a plaintiff must allege facts sufficient to support that: (1) the defendant is a "debt collector"; (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA."  *Zahedi v. McCalla Raymer, LLC*, 2016 WL 1064554, at *3 (N.D. Ga., March 15, 2016).

As both the Eleventh Circuit and this Court have noted, "[t]here is no dispute that § 1692e applies only to debt collectors." *Zahedi* (quoting *Davidson v.*

4

*Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).  Under the FDCPA, the term "debt collector" means someone who engages "in any business the *principal purpose* of which is the collection of any debtors, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis supplied).

Here, Plaintiff does not allege any facts whatsoever regarding WNCW's business, its principal purpose, or whether it regularly collects or attempts to collect debts.   In fact, the only allegation is a conclusory allegation stating that "Defendant, ("Weissman") is a "Debt Collector" as that term is defined in USC 15 § 1692(a)(6)" (Complaint, ¶ 9).   Like the bare allegation in the *Zahedi* case, Plaintiff's allegation "lacks factual context and, in essence, amounts to a legal conclusion" that the Court should not consider.  *Zahedi* (quoting *Iqbal*, 556 U.S. at 679, and *Twombly*, 550 U.S. at 545).   As this Court has previously held, "[i]t would be unreasonable for the Court to infer that [WNCW] operates a business whose principal purpose is collecting debts on the basis of the one collection effort alleged here."  *Barber v. Rubin Lublin, LLC*, 2013 WL 6795158, at *9 (N.D. Ga., Dec. 20, 2013) (quoting *Beckles v. Aldridge Connors, LLP*, 2013 WL 5355481, at *5 (N.D. Ga., Feb. 27, 2013)).   For these reasons, the one-count Complaint against WNCW must be dismissed.

**III.   EVEN IF WNCW IS A "DEBT COLLECTOR" UNDER THE FDCPA (AND IT IS NOT), PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO DEMONSTRATE THAT WNCW ENGAGED IN AN ACT OR OMISSION PROHIBITED BY THE FDCPA.**

Even if Plaintiff alleged facts sufficient to support that WCNW is a debt collector (and he did not), Plaintiff fails to show that WNCW engaged in any act or omission prohibited by the FDCPA.

As stated above, to state a claim for relief under the FDCPA, "a plaintiff must allege facts sufficient to support that: (1) the defendant is a "debt collector"; (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Zahedi v. McCalla Raymer, LLC*, 2016 WL 1064554, at *3 (N.D. Ga., March 15, 2016).

Here, however, Plaintiff has simply restated provisions of the FDCPA and claimed that the Defendants violated such provisions.  The entirety of Count One consists of six (6) substantive paragraphs:

(1) Paragraph 31 – Restates 15 U.S.C. § 1692(g)(a), concerning required contents of an "Initial Communication";

(2) Paragraph 32 – Concludes that unspecified Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person.

(3) Paragraph 33 – Concludes that unspecified Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt.

(4) Paragraph 34 – Concludes that unspecified Defendants violated 15 U.S.C. § 1692e(1) by the use of false representation or deceptive means to collect a debt.

(5) Paragraph 35 – Concludes that unspecified Defendants violated 15 U.S.C. § 1692f(1) by the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(6) Paragraph 36 – Concludes that unspecified Defendants violated 15 U.S.C. § 1692f(6) by threatening to unlawfully repossess or disable the consumer's property.

The allegations merely recite the statutes. There are no ties to any factual allegations whatsoever.  For example, but without limitation, Plaintiff fails to allege that WNCW harassed him or how he was harassed by WNCW; how his debt was represented – let alone falsely represented – by WNCW; what deceptive

means WNCW used to collect a debt; how the amounts owed are not specified in the underlying Note and Security Deed executed by Plaintiff, etc.[1]

Moreover, Plaintiff already admits in his Complaint that he owes the debt – stating "**Plaintiff admits he is in default, as that term is defined in the note, on his residential mortgage**…"  (Complaint, ¶ 24)  In short, Plaintiff admits he owes the debt and makes no factual allegations how WNCW violated the FDCPA regarding the foreclosure of the Security Deed.

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF AS AGAINST WNCW, AND IT SHOULD BE DISMISSED.

The first paragraph in Plaintiff's Complaint states that it is an action for declaratory relief and injunctive relief, among other things.  (Complaint, ¶ 1)

The federal Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Supreme Court has stated that "[b]asically, the question in each case is whether the facts alleged, under all the circumstances,

_____

[1] To the extent that Plaintiff contends that the statutorily-required letters sent by WNCW to Plaintiff violate the FDCPA, Plaintiff never alleges how or why, and never makes any connection between those letters and his claims whatsoever.

show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Numerous federal courts have held that declaratory relief is simply not available under the FDCPA. *See, e.g., Jones v. CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003); *Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877, 882 (7th Cir.2000); *In re Risk Management Alternatives, Inc.* Fair Debt Collection Practices *Litigation,* 208 F.R.D. 493, 503 (S.D.N.Y.2002); *Sibley v. Diversified Collection Services, Inc.,* 1998 WL 355492 at *5 (N.D.Tex. June 30, 1998); *Goldberg v. Winston & Morrone,* 1997 WL 139526 at *3 (S.D.N.Y. Mar.26, 1997); *Vitullo v. Mancini*, 684 F.Supp.2d 760 (E.D. Va. 2010). The basis for these courts' decision appears to be that "injunctive relief is not available in private actions under the FDCPA. *Jones*, 215 F.R.D. at 563 (citing *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393 (E.D.N.Y. 1998)). Additionally, "Courts issuing declaratory judgments exercise their equitable powers and equitable relief is not available under the FDCPA." *Id.* (citing *Novak v. Anderson Corp.*, 962 F.2d 757, 760 (8th Cir. 1992)).

While Plaintiff does not specify the declarations he wants the Court to issue, and does not make a demand for an injunction, the courts have made it clear that neither remedy is available for alleged FDCPA violations.  For all of these reasons, any requests for declaratory judgment and/or injunctive relief should be denied.

## <u>CONCLUSION</u>

For the reasons set forth above, each of Plaintiff's claims and allegations fail procedurally and substantively as against WNCW.  The entire Complaint is wholly without merit and is devoid of any factually-based allegations against them. Accordingly, WNCW respectfully requests that this Court grant the instant Motion to Dismiss with prejudice.

WHEREFORE, Defendant, WEISSMAN, NOWACK, CURRY & WILCO, P.C., prays that this Court will:

(A)    Dismiss the Complaint with prejudice;

(B)    Deny Plaintiff's prayers for relief;

(C)    Grant reasonable attorneys' fees incurred in defending against this suit;

(D)    Charge all costs against Plaintiff; and

(E)    Grant such other and further relief as this Court deems proper and just.

Respectfully submitted this 19th day of May, 2016.

/s/ C. Brent Wardrop
C. Brent Wardrop
Georgia Bar No. 553733
Matthew F. Totten
 Georgia Bar No. 798589
Attorneys for Defendant
WEISSMAN NOWACK CURRY
& WILCO, P.C.

WEISSMAN, NOWACK, CURRY
& WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Telephone: (404) 926-4500
Facsimile: (404) 926-4600
brentw@wncwlaw.com
matthewt@wncwlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL N. LUTMAN, on behalf of himself, | |
| | Civil Action File |
|      Plaintiff, | |
| v. | No. 1:16-CV-1407 |
| | |
| OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK TRUST COMNPANY AMERICAS F/K/A BANKERS TRUST COMPANY, WEISSMAN NOWACK CURRY & WILCO, P.C., | |
| | |
|      Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a true and correct copy of the

**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF
LAW BY DEFENDANT, WEISSMAN NOWACK CURRY & WILCO**, upon

all necessary parties by e-filing same on the court's CM/EMF system, which will

serve a copy to all parties receiving electronic notice.  I also certify a copy has

been placed in the U.S. Mail, postage prepaid, the following party:

Michael N. Lutman
8450 Truman Street
Englewood, FL 34224

Respectfully submitted this 19th day of May, 2016.

/s/ C. Brent Wardrop
C. Brent Wardrop
Georgia Bar No. 553733
Matthew F. Totten
 Georgia Bar No. 798589
Attorneys for Defendant
WEISSMAN NOWACK CURRY
& WILCO, P.C.

WEISSMAN, NOWACK, CURRY
& WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Telephone: (404) 926-4500
Facsimile: (404) 926-4600
brentw@wncwlaw.com
matthewt@wncwlaw.com

## <u>CERTIFICATE OF FONT AND POINT SELECTION</u>

Undersigned counsel hereby certifies, pursuant to L.R. 7.1(D), N.D. Ga., that

the foregoing document was prepared in Times New Roman, 14 point font, which

is one of the font and point selections approved in L.R. 5.1, N.D. Ga.

/s/ C. Brent Wardrop
C. Brent Wardrop
Georgia Bar No. 553733
Matthew F. Totten
Georgia Bar No. 798589
Attorneys for Defendant
WEISSMAN NOWACK CURRY
& WILCO, P.C.

WEISSMAN, NOWACK, CURRY
& WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Telephone: (404) 926-4500
Facsimile: (404) 926-4600
brentw@wncwlaw.com
matthewt@wncwlaw.com