**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL N. LUTMAN ON BEHALF OF HIMSELF,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS f/k/a BANKERS TRUST COMPANY; and WEISSMAN, NOWACK, CURRY, & WILCO, PC,<br><br>    Defendants. | Civil Action File No.:<br>1:16-CV-1407-ELR-LTW |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

COME NOW defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank Trust Company Americas, f/k/a Bankers Trust Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2 ("Deutsche Bank"), *incorrectly identified by plaintiff as Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company*, (collectively with Ocwen, "Defendants"), by and through their undersigned

1

counsel by special appearance,[1] and file this Response in Opposition to Plaintiff's Motion for Default Judgment, showing this Honorable Court as follows:

## INTRODUCTION

In short, Plaintiff has filed a frivolous motion for default judgment that must be denied by this Court. Plaintiff filed the instant complaint ("Complaint") on April 29, 2016. However, Plaintiff has not properly served either Deutsche Bank or Ocwen, nor has Plaintiff filed the requisite affidavits of service for either party evidencing any purported service efforts. Furthermore, Ocwen and Deutsche Bank have responded to Plaintiff's Complaint by special appearance, showing this Court that the Complaint fails both substantively and procedurally and warrants dismissal in its entirety. Accordingly, Plaintiff's Motion for Default should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Motion for Default Judgment against Ocwen and Deutsche Bank should be denied because Plaintiff has not perfected service against either Defendant. Ocwen and Deutsche Bank responded to Plaintiff's Complaint by special appearance on July 15, 2016, because service has not been properly effected against either party.

---

[1] Defendants make this special appearance before this Court without waiving, but rather expressly preserving, their affirmative defenses of insufficiency of process and/or insufficiency of servicer of process, as Plaintiff has not yet properly served Defendants to date.

Fed. R. Civ. P. 4(h)(1)(b) directs that a corporation, partnership, or association may be properly served as follows:

> …by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(b).

Pursuant to Fed. R. Civ. P. 4(m), a plaintiff must serve the complaint within 120 days of filing. West v. Ocwen Loan Servicing, LLC, Case No. 1:14-cv-03073-ELR (N.D. Ga. March 18, 2015), at *12-13, adopted by Order dated April 14, 2015. Indeed, failure to perfect service within this time frame will result in dismissal without prejudice. Davis v. Mortg. Elec. Registration Sys., Inc., Case No. 1:09-cv-3109-TWT-CCH, 2010 WL 1529319, at *2 (N.D. Ga. Mar. 2, 2010), adopted by 2010 WL 1529307, at *1 (N.D. Ga. Apr. 13, 2010). Furthermore, Fed. R. Civ. P. 4(l)(1) mandates that "[u]nless services is waived, proof of service **must** be made to the court. Except of service by a United States marshal or deputy marshal, proof must be made by the server's affidavit." (emphasis added.)

Importantly, the fact that a defendant obtained actual notice of the suit does not cure defective service. Davis v. Belk-Hudson Co., 173 F.R.D. 323 (M.D. Ga. 1997). Therefore, if a complaint and summons are not properly served on a

3

defendant, the Court lacks jurisdiction over that defendant.  See Fed. R. Civ. P. 4(k); Wigman v. SunTrust Mortg., Inc., Case No. 1:09-cv-03296-TCB/AJB, 2010 U.S. Dist. LEXIS 142527, at *5  (N.D. Ga. 2010).

Here, Lutman filed his Complaint on April 29, 2016.  See Complaint, Dkt. No. 1.  To date, the docket does not reflect proof of service of process upon Ocwen or Deutsche Bank.  Plaintiff has not established that he properly served Ocwen or Deutsche Bank.  Therefore, Ocwen and Deutsche Bank are not required to answer the Complaint until they are properly served.  The record is clear that no proof of service has been filed with this Court as to either defendant.  Additionally, Plaintiff has not been prejudiced by the timing of Ocwen or Deutsche Bank's response.  Therefore, Plaintiff's Motion for Default Judgment should be denied, and Plaintiff is not entitled to any of the relief requested in the instant Motion.

## CONCLUSION

For the foregoing reasons, Ocwen and Deutsche Bank respectfully request that this Court deny Plaintiff's Motion for Default Judgment. Given Plaintiff's failure to file the required affidavits of service, which both establish proper service by Plaintiff and confer jurisdiction on this Court, entry of default judgment is not proper.

This 18th day of July, 2016.

/s/ Montoya M. Ho-Sang
Teah Glenn Kirk
Georgia Bar No. 430412
Montoya M. Ho-Sang
Georgia Bar No. 572105
*Attorneys for Defendants*

**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000; Fax 404-221-6501
Email: tkirk@bakerdonelson.com
Email: mho-sang@bakerdonelson.com

## FONT CERTIFICATION

The undersigned counsel for Defendant hereby certifies that the within and foregoing **DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** was prepared using Times New Roman 14-point font.

This 18th day of July, 2016.

/s/ Montoya M. Ho-Sang
Montoya M. Ho-Sang
Georgia Bar No. 572105

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** by filing same with the CM/ECF system, which will automatically send email notifications to all attorneys of record or by U.S. Mail upon the following:

Michael N. Lutman, *pro se*
8450 Truman Street
Englewood, Florida 34224

Christopher Brent Wardrop
Weissman, Nowack, Curry & Wilco, P.C.
3500 Lenox Rd.
One Alliance Center, 4th Floor
Atlanta, Georgia 30326

This 18th day of July, 2016.

/s/ Montoya M. Ho-Sang
Montoya M. Ho-Sang
Georgia Bar No. 572105
*Attorney for Defendants*

**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph: 404-577-6000;  Fax: 404-221-6501
Email:  mho-sang@bakerdonelson.com