IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL N. LUTMAN,<br><br>       Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>       Defendant. | CIVIL ACTION NO.<br>1:16-CV-1407-ELR-LTW |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on Defendants Ocwen Loan Servicing, LLC and Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2's Motion to Dismiss and Defendant Weissman, Nowack, Curry & Wilco, P.C.'s Motion to Dismiss.  (Docs. 23, 24).  For the reasons outlined below, this Court **RECOMMENDS** that Plaintiff's Amended Complaint (Doc. 17) be **STRICKEN,** that Defendants' Motions to Dismiss (Docs. 23, 24) should be **DEEMED MOOT**, and that this action be **DISMISSED**.

## PLAINTIFF'S AMENDED COMPLAINT SHOULD BE STRICKEN

Pro se Plaintiff Michael N. Lutman ("Plaintiff") filed the instant lawsuit in this Court on April 29, 2016, asserting claims for damages and unidentified declaratory and injunctive relief for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 et seq. While Plaintiff's original Complaint was difficult to decipher, Plaintiff initially appeared to argue some unidentified conduct by Defendants violated Sections 1692g, 1692d, 1692e(2), 1692e(10), 1692f(1), and 1692f(6) of the FDCPA. Notably, 15 U.S.C. § 1692g details the debt collector's responsibility to inform a consumer about his right to dispute a debt and the debt collector's responsibilities when the consumer disputes the debt. Sections 1692d, 1692e(2), 1692e(10), 1692f(1), 1692f(6) prohibit a debt collector from harassing or abusing a person; falsely representing the character, amount, or legal status of a debt; using false representation or deceptive means to collect a debt or obtain information concerning a customer; collecting interest, fees, charges or expenses incidental to the principal obligation which was not expressly authorized by the agreement creating the debt; threatening to unlawfully repossess or disable the consumer's property; and continuing to collect amounts owed even though the consumer has disputed the validity of the debt. Plaintiff's original Complaint merely described the foregoing provisions of the FDCPA and did not give any indication how Defendants violated them.

In May and June 2016, each of the Defendants moved to dismiss Plaintiff's original Complaint. (Docs. 3, 7). This Court issued a Report and Recommendation in December 2016 recommending that the claims against Defendant Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company, as Trustee for Saxon Asset Securities Trust 2001-2, Mortgage Loan Asset Backed Certificates, Series 2001-2 ("Deutsche") be dismissed because Plaintiff had not served it. This Court recommended dismissal of

2

Plaintiff's FDCPA claims against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Weissman, Nowack, Curry & Wilco, P.C. ("Weissman Nowack") because Plaintiff omitted to describe how Weissman Nowack or Ocwen violated the FDCPA and failed to include or reference any specific factual allegations in support of his claims.  Because Plaintiff was proceeding pro se, this Court recommended that the District Court follow the Eleventh Circuit's precedent in <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002); <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001), and provide Plaintiff one opportunity to restate his FDCPA claim.  The District Court approved and adopted the Report and Recommendation on February 7, 2017, and gave Plaintiff fourteen days from the entry of the Order to restate his FDCPA claims against Defendants Ocwen and Weissman Nowack. (Doc. 16).

Plaintiff untimely filed an Amended Complaint on March 9, 2017, which did not simply restate his FDCPA claims against Ocwen and Weissman Nowack, but also stated a slew of new claims against Ocwen, Deutsche, and Weissman Nowack.  Incidently, the Amended Pleading included FDCPA claims against only Weissman Nowack, but suffered from the same infirmities as the original Complaint in that it was conclusory and did not state or refer to any supporting factual allegations.  In addition to asserting FDCPA claims against Defendant Weissman Nowack, Plaintiff's new Complaint asserts claims for slander of title, quiet title, intentional infliction of emotional distress, negligence, as well as violations of the Racketeer Influenced and Corrupt Organizations Act and the Real Estate Settlement Procedures Act.  Plaintiff also argues that he is

entitled to (1) a declaratory judgment that the deed to secure debt executed in favor of Americas Moneyline is void and should be cancelled because the transfer did not comport with the Pooling and Servicing Agreement, (2) a temporary restraining order enjoining Ocwen from proceeding with a nonjudicial foreclosure sale, and (3) cancellation of any and all deeds to secure debt because the Assignment to Deutsche was fraudulent.

The Court did not give Plaintiff permission to assert each of his new claims in the Amended Complaint and the Court did not give Plaintiff permission to file an untimely Amended Complaint. Furthermore, Plaintiff's Amended Complaint is a shotgun pleading. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). Describing the nature of a shotgun pleading, the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). With a shotgun pleading it is virtually impossible to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

As a result, the Court, faced with a crowded docket and "whose time is

constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373. Consequently, the Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective. B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009). Although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and this Court is not required to rewrite a deficient pleading. See GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on other grounds, Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

      Here, all of the numerous counts of the Amended Complaint incorporate all of the previous paragraphs of the Amended Complaint instead of stating or referencing those specific facts that support the cause of action within the count. Moreover, each of the counts of the Complaint are replete with legal conclusions without explaining the factual basis for the claims. Although some of the counts do reference some of the facts in the factual background section, the references to these facts often do little to clarify the factual basis for the count because they merely refer to additional legal conclusions. Furthermore, even though Plaintiff's Amended Complaint includes a section entitled "Factual Background," this section is also replete with legal conclusions. Given this,

it is difficult to discern which allegations of fact are intended to support Plaintiff's claims for relief. Furthermore, Plaintiff often maintains that he is entitled to some remedy without explaining the legal theory on which his remedy rests. (See Am. Compl. ¶¶ 50-51, 66-68).

Additionally, this is not an appropriate case to excuse Plaintiff's untimely filing or allow Plaintiff a second opportunity to amend his Complaint to bring it into compliance because the bulk of Plaintiff's Amended Complaint is predicated on frivolous legal theories. Plaintiff focuses his Amended Complaint on the notion that there were anomalies in the securitization process, that Plaintiff's original lender violated the terms of the pooling and servicing agreement, that the transfer of Assignments of the Security Deed were not valid, and that the Note and Security Deed have been separated. (Am. Compl. ¶¶ 23-27, 42-47, 55-56, 72, 81, 87). None of these theories are viable under Georgia law.

Plaintiff's improper securitization theory fails because Georgia courts have not held that improper securitization invalidates a mortgage or extinguishes the underlying debt. Walker v. U.S. Bank Nat'l Ass'n, 572 F. App'x 740, 742 (11th Cir. 2014); see also Jorgensen v. Fed. Home Loan Mortg. Corp., No. 2:12-CV-00236-RWS, 2013 WL 5200598, at *3 (N.D. Ga. Sept. 13, 2013) (explaining that complaints which include claims that the securitization of mortgage was improper, that the note and deed have been split, and that the note should be produced repeatedly fail). Moreover, Plaintiff does not have standing to challenge his lender's noncompliance with the pooling and

servicing agreement. See, e.g., Cornelius v. Bank of Am., NA, 585 F. App'x 996, 999-1000 (11th Cir. 2014) ("Because Cornelius concedes he was not a party to the PSA, under Georgia law, he lacks standing to contest the validity of the transfer or assignment of the loan documents based on the PSA."); Edward v. BAC Homes Loans Servicing, 534 F. App'x 888, 891 (11th Cir. 2013).

Likewise, Plaintiff does not have standing to challenge defects in the Assignments of the Security Deed because he was not a party to the Assignments. Cornelius, 585 F. App'x at 999-1000. Assignments are contracts between the assignor and the assignee, and the proper party to bring a claim challenging their validity is the other party to the assignment. Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1251-53 (11th Cir. 2015) (explaining that because plaintiffs were not parties to the assignments they were challenging, they lacked standing to challenge the assignment even though the plaintiffs claimed the assignments were forged); Cornelius, 585 F. App'x at 1000; Montgomery v. Bank of Am., 321 Ga. App. 343, 346 (2013) (concluding that because the assignment of security deed was a contract between MERS and BAC, the debtor did not have standing to challenge the assignment even if it was flawed).

Plaintiff's theory that the Note and the Deed have been separated is also not a viable theory because Georgia law does not require the foreclosing party to hold both the Note and Security Deed. Parker v. U.S. Bank Nat'l Ass'n, 580 F. App'x 776, 778 (11th Cir. 2014); You v. JP Morgan Chase Bank, N.A., 293 Ga. 67, 73-74 (2013). Under Georgia law, the holder of a deed to secure debt is authorized to exercise the

7

power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed. You, 293 Ga. at 73-74.

Since all but one of Plaintiff's claims appear to stem from these faulty legal theories, it is patently obvious that Plaintiff cannot prevail on his claims and that amendment would therefore be futile. Moreover, when Plaintiff was given the opportunity to restate his FDCPA claims against Ocwen and Weissman Nowack, Plaintiff ballooned his original Complaint challenging Defendants' conduct under the FDCPA into a frivolous, eleven-count Amended Complaint that was far afield of his original FDCPA claims.[1] Accordingly, because Plaintiff's Amended Complaint (Doc. 17) is untimely, is a shotgun pleading, was filed without the Court's leave, and does not state any viable legal theories, it should be **STRICKEN**. Additionally, because Plaintiff has not filed a complaint which states a claim after being given a second opportunity to do so, Plaintiff's action should be **DISMISSED**.

## **CONCLUSION**

Based on the foregoing reasons, this Court **RECOMMENDS** that Plaintiff's Amended Complaint (Doc. 17) be **STRICKEN,** that Defendants' Motions to Dismiss

---

[1] While Plaintiff's FDCPA Claim in Count 10 of Plaintiff's Amended Complaint does not appear to stem from the aforementioned legal theories, it still is too conclusory to state a claim. Plaintiff maintains that he sent a qualified written request to Ocwen on February 10, 2016, but Ocwen "deliberately failed to respond in a proper and timely way." (Am. Compl. ¶¶ 32, 93, Ex. D). Plaintiff's statement in this regard is a legal conclusion, and Plaintiff fails to present any facts showing that Ocwen's alleged response was improper or untimely.

AO 72A
(Rev.8/82)

(Docs. 23, 24) should be **DEEMED MOOT**, and that this action be **DISMISSED**. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO REPORTED AND RECOMMENDED**, this __12__ day of February, 2018.

/s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE